**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CSX TRANSPORTATION, INC.**
**500 Water Street**
**Jacksonville, Florida 32202**

                        **Plaintiff,**

       **v.**

**FREEDOM METALS, INC.**
**1225 South 15th Street**
**Louisville, Kentucky 40210**


           **and**


**SPENCER BLUE**
**1401 W. Ormsby Ave**
**Louisville, Kentucky 40210**

                       **Defendants.**

**CASE NO**:   3:15-CV-463-DJH

## COMPLAINT

Plaintiff CSX Transportation Inc. ("CSX") hereby files this Complaint against defendants Freedom Metals, Inc. ("Freedom Metals") and Spencer Blue ("Blue") and in support thereof states the following:

## PARTIES

1.     CSX is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business located in Jacksonville, Florida.

1

2.     CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

3.     Freedom Metals is a limited liability corporation which is incorporated under the laws of the Commonwealth of Kentucky with its principal place of business in Louisville, Kentucky.

4.     Blue is an individual who resides in Louisville, Kentucky. Blue is the President and COO of Freedom Metals.

## JURISDICTION

5.     Jurisdiction in this matter is based upon 28 U.S.C. § 1332(a), inasmuch as there is complete diversity of citizenship between plaintiff and defendants and because there exists an amount in controversy in excess of $75,000.00.

## VENUE

6.     Venue is proper in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(1) in that both defendants reside within this District.

## PREDICATE FACTS

7.     On or about September 3, 2014, CSX and Freedom Metals entered in a Scrap Metal Credit Application and Purchase Agreement (the "Agreement").

8.     The Agreement was signed by Blue as President and COO on behalf of Freedom Metals.

9.     Pursuant to the Agreement, CSX agreed to sell scrap metal to Freedom Metals as well as to extend credit to Freedom Metals for the purchase of scrap metal.

10.    Pursuant to the Agreement, Freedom Metals agreed to pay CSX for any scrap metal CSX sold to Freedom Metals within thirty days of purchase.

11.    In addition to the Agreement, Blue executed a personal guaranty (the "Guaranty"), in which he agreed to be personally liable for all scrap charges incurred by Freedom Metals.

12.    The Guaranty was signed by Blue in in his individual capacity.

13.    Between December 2014 and April 2015, and pursuant to the terms of the Agreement, Freedom Metals purchased $464,175.00 worth of scrap metal from CSX and took delivery and possession of the scrap.

14.    CSX submitted invoices to Freedom Metals for the scrap metal Freedom Metals purchased.

15.    Although demand has been made for payment of the invoices related to Freedom Metals purchase of the scrap metal, both Freedom Metals and Blue have failed and/or refused to make timely payment for said metal scrap.

### CAUSES OF ACTION

### Count I: Breach of Contract against Freedom Metals, Inc.

16.    CSX incorporates all preceding paragraphs as if fully set forth at length herein.

17.    The Agreement is a valid and existing contract between the parties providing the terms of sale and purchase of scrap metal.

18.    Freedom Metals' failure to pay CSX for the scrap metal is a breach of Freedom Metals' obligations under the Agreement.

19.    As a direct result of Freedom Metals' breach, CSX has been damaged in the amount of $464,175.00

20.    The Agreement also provides that if it became necessary for CSX to file suit to recover charges due under the Agreement, Freedom Metals shall also pay CSX an additional 15% of the outstanding amount due as attorney's fees.

21.    CSX is entitled to past due charges in the amount of $464,175.00, and contractual attorney's fees of $69,626.25, for total damages of $533,801.25.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., requests entry of judgment for damages on its Complaint against Defendant Freedom Metals in the amount of $533,801.25 together with court costs, and other costs of suit incurred in the litigation of this matter, and the maximum interest permitted by law from the date payment first became past due.

### Count II: Unjust Enrichment against Freedom Metals, Inc.
**(In the Alternative)**

22.    CSX incorporates all preceding paragraphs as if fully set forth at length herein.

23.    At Freedom Metals' request, CSX conferred a benefit to Freedom Metals when it provided, and Freedom Metals accepted, the scrap metal.

24.    CSX had a reasonable expectation of payment from Freedom Metals for the scrap metal.

25.    The circumstances were such that Freedom Metals reasonably should have believed that CSX expected Freedom Metals to pay for the scrap metal.

26.    The circumstances are such that Freedom Metals' acceptance and retention of the scrap metal make it inequitable for Freedom Metals to retain the benefit of the scrap metal without payment of its value.

4

27. CSX is entitled to damages in the amount of $464,175.00 which represents the value of the scrap metal Freedom Metals purchased.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., requests judgment for damages on its Complaint against Defendant Freedom Metals in the amount of $464,175.00 together with interest, expenses, court costs, and other costs of suit incurred in the litigation of this matter; and any other relief as the court deems just and proper.

### Count III: Breach of Contract against Spencer Blue

28. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

29. The Guaranty is a valid and existing contract between CSX and Blue related to the sale and purchase of scrap metal.

30. Freedom Metals' failure to pay CSX for the scrap metal is a breach of Freedom Metals' obligations under the Agreement.

31. Pursuant to the terms of the Guaranty, Blue has personally guaranteed payment and assumed liability to CSX all obligations of Freedom Metals under the Agreement.

32. As a result of Freedom Metals' failure to honor the terms of the Agreement, Blue is personally liable to CSX in the amount of $533,801.25

33. Blue's failure to pay CSX for the scrap metal is a breach of Blue's obligations under the Agreement and the Guaranty.

34. CSX is entitled to damages in the amount of $533,801.25

**WHEREFORE**, Plaintiff CSX Transportation, Inc., requests judgment for damages on its Complaint against Defendant Spencer Blue in the amount of $533,801.25 together with

5

interest, court costs, and other costs of suit incurred in the litigation of this matter; and any other

relief as the court deems just and proper.

By:      /s/ Megan P. O'Reilly

**David Domene**
**Megan P. O'Reilly**
**BLACKBURN DOMENE &**
**BURCHETT PLLC**
614 West Main Street, Suite 3000
Louisville, Kentucky40202
Tel: (502) 584-1600
Email: ddomene@bdlawky.com
Email: moreilly@bdblawky.com

**<u>OF COUNSEL</u>**
Paul D. Keenan
Erik B. Derr
**Keenan, Cohen & Merrick, P.C.**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046

*Attorneys for Plaintiff*
*CSX Transportation, Inc.*

Date: June 9, 2015

6