UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CSX TRANSPORTATION, INC.                                                                        PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:15-CV-00463-CRS

FREEDOM METALS, INC.                                                                        DEFENDANTS

and

SPENCER BLUE

# MEMORANDUM OPINION

I.   Introduction

CSX Transportation, Inc. ("CSX") sued Freedom Metals, Inc. ("Freedom Metals") for breach of the "Scrap Metal Credit Application and Purchase Agreement" (the "Agreement"). CSX also brought a claim against Spencer Blue for breach of contract. Blue moves this Court to dismiss CSX's claim against him for failure to state a claim.

For the reasons below, the Court will deny Blue's motion to dismiss.

II.   Undisputed Facts

Around September 3, 2014, CSX and Freedom Metals entered into the Agreement. Blue signed the Agreement on behalf of Freedom Metals as its President and Chief Operating Officer. Under the heading "**PERSONAL GUARANTY.**", the Agreement says:

> The *person* executing this application (by signature or printed name) on behalf of the BUYER [Freedom Metals] also: (a) executes as PERSONAL GUARANTOR of this agreement, BUYER's performance under the Agreement and satisfaction of BUYER's account; (b) agrees to the terms hereof; (c) assumes personal liability therefor; (d) waives presentment, demand, protest, notice of protest, notice of dishonor, trial by jury, and acknowledges that SELLER [CSX] is relying on such personal guarantee in extending credit to BUYER.

1

Agreement 2, ECF No. 9-2 (emphasis in original).  Blue does not dispute that his signature appears below this section.

Instead, Blue asks this Court for dismissal because he argues that the personal guaranty cannot be enforced under Kentucky law.  Def.'s Mem. Supp. Mot. Dismiss 2 – 3, ECF No. 9-1.

   III.   Discussion

      A.   Legal Standard

In evaluating a motion to dismiss for failure to state a claim, the Court determines whether the complaint alleges "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This Court assumes the veracity of well-pleaded factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint "does not need detailed factual allegations," but a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

      B.   Enforceability of Guaranty

Blue and CSX agree that Ky. Rev. Stat. § 371.065(1) governs the enforceability of Blue's guaranty.  Def.'s Mem. 6; Pl.'s Resp. Opp. Mot. Dismiss 3, ECF No. 11.  The statute says:

> No guaranty of indebtedness which either is not written on, or does not expressly refer to, the instrument or instruments being guaranteed shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates.

Ky. Rev. Stat. § 371.065(1).

Blue argues that the guaranty is unenforceable because "the Agreement merely creates the credit relationship by which other obligations would arise."  Def.'s Mem. 6.  Blue cites *Duckett v. Kubota Tractor Corp*.  *See* 2002 WL 34521250 *1 (W.D. Ky. 2002).  In *Duckett*, the court addressed whether the Ducketts could be liable as guarantors.  *Id.*  The Ducketts had signed four "General Continuing Guarantees" which were appended to the back of the Dealer Sales and

Service Agreement between two other parties. *Id.* The court held that the Ducketts' guaranty was not enforceable under Ky. Rev. Stat. § 371.065 because the guarantees were not "written on the instrument or instruments to be guaranteed." *Id.* at *2 (internal quotations omitted). The court said, "Even if the Guarantees are construed as being written on the Agreement, the Agreement itself does not, without reference to other documents, create an obligation to be guaranteed." *Id.*

CSX argues that the Kentucky Supreme Court's more recent opinion in *Wheeler* applies. Pl.'s Resp. 4 (citing *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 611 (Ky. 2004)). In *Wheeler,* a company's president signed as personal guarantor for the company's line of credit application. *Id.* The Kentucky Supreme Court said, "When the guaranty agreement is found on the document being guaranteed, however, [the risk of agreeing to guarantee an unknown obligation] is negligible, which KRS 371.065 recognizes by exempting such guaranty agreements from its heightened requirements." *Id.* at 615; *see also*, *Smith v. Bethlehem Sand & Gravel Co., LLC*, 342 S.W.3d 288, 292 (Ky. Ct. App. 2011) ("Stated differently, KRS 371.065 does not seek to 'eliminate' unknown obligations; it only seeks to reduce the risk.") (citing *Alliant Tax Credit Fund 31—A, Ltd. V. Nicholasville Cmty. Hous., LLC*, 663 F. Supp. 2d 575, 582 (E.D. Ky. 2009)). Thus, the court held that personal guaranties signed on credit applications are enforceable under Ky. Rev. Stat. § 371.065, even though the agreement did not state the guarantor's maximum liability or a termination date because the guaranty agreement is "written on" the credit application. *See* 127 S.W.3d at 615.

C. Application

Blue argues that although the guaranty is "written on" the Agreement, the guaranty is unenforceable because the "Agreement does not create the obligation to be guaranteed—the invoices create the obligation to be guaranteed." Def.'s Reply 3.

The Court disagrees. Blue's personal guaranty is at the bottom of the Agreement between CSX and Freedom Metals. The Agreement says:

> Should the SELLER [CSX] agree to extend credit to the BUYER [Freedom Works] for the purchase of scrap metal from SELLER, the BUYER and the PERSON [Blue] signing on its behalf agree to the following:
>
> **1. PAYMENT AND COLLECTION TERMS.**
> Payments of all sums due hereinafter are due and payable to SELLER in Jacksonville, Duval County, Florida. BUYER agrees that all invoices must be paid in full within 30 days of receipt of invoice.

Agreement 2 (emphasis in original). By its own terms, the Agreement creates Freedom Works' obligation to pay the invoices, and Blue personally guaranteed that obligation. Therefore, Blue's guaranty is enforceable under Ky. Rev. Stat. § 371.065 because the guaranty is "written on" the Agreement, and the Agreement created Freedom Works' obligation to pay the invoices. *See Wheeler*, 127 S.W.3d at 615.

Thus, CSX's claim against Blue states a plausible claim to relief for breach of contract that is plausible on its face. *See Twombly*, 550 U.S. at 555.

IV. Conclusion

The Court will deny Blue's motion to dismiss. The Court will enter an order in accordance with this opinion this date.

October 30, 2015

Charles R. Simpson III, Senior Judge
**United States District Court**